UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LESLIE HAWKER as Personal Representative of the Estate of JERRY P. HAWKER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>JOHN R. LAYTON individually and as Sheriff of Marion County, Indiana, CLARK COTTOM individually and as Sheriff of Sullivan County, Indiana, and CORRECT CARE SOLUTIONS, LLC,<br><br>Defendants. | Case No. 1:17-cv-02499-TWP-TAB |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant, Correct Care Solutions, LLC's ("CCS") Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 57). Plaintiff, Leslie Hawker ("Mrs. Hawker"), as Personal Representative of the Estate of Jerry Hawker ("Mr. Hawker"), filed a Second Amended Complaint, (Filing No. 52), against CCS asserting violation of Mr. Hawker's constitutional rights under the Eighth Amendment and 42 U.S.C. § 1983, and a state law claim of negligence. She alleges that Mr. Hawker, now deceased, was denied or delayed medical care by CCS for a prior cancer diagnosis, while in custody of the Sullivan County and Marion County jails. (Filing No. 52.) CCS seeks dismissal regarding only the federal claims. For the following reasons, the Court **grants** CCS's Motion to Dismiss.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all inferences in favor of Mrs. Hawker as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Mr. Hawker was a resident and citizen of Sullivan County, Indiana. On March 14, 2016, Mr. Hawker had a cystoscopy, which showed tumors inside his bladder and he was advised that surgery should be performed immediately to determine the extent and nature of the tumors. *Id.* at 2. The next day, March 15, 2016, Mr. Hawker learned that one of the persons responsible for raping his granddaughter would return to her high school after the student's protective order was modified. *Id.* After the school refused to provide a safe environment for his granddaughter, Mr. Hawker had a psychotic breakdown and was committed for treatment to Union Hospital in Terre Haute, Indiana. *Id.* at 3.

On March 30, 2016, Mr. Hawker was arrested outside the Bloomington Meadows Psychiatric Hospital by a Sullivan County Deputy Sheriff on a warrant issued by the Sullivan Circuit Court. He was taken to the Sullivan County Jail and held on a $32,000.00 bond under the control of Defendant, Clark Cottom ("Sheriff Cottom"), the Sheriff of Sullivan County. *Id*. Sometime during his incarceration, Mr. Hawker was transferred to the Marion County (Indiana) Jail, under the control of Defendant, John Layton ("Sheriff Layton"), the Marion County Sheriff. CCS is contracted through the Marion County Jail to provide medical services for its inmates. While in custody, Mr. Hawker was denied or delayed medical care for his cancer surgery and treatment. *Id*. He was confined in deplorable conditions and alleges that he suffered cruel and unusual physical and mental treatment, which caused him to lose weight. *Id.* On January 14, 2018, Mr. Hawker died as a result of his cancer and other complications arising from his incarceration. *Id*. His wife, Mrs. Hawker, was appointed Personal Representative of the Estate of Jerry P. Hawker in Sullivan Circuit Court, Cause No. 77C01-1802-EU-000010. ([Filing No. 52 at 1.](#))

On April 5, 2018, Mrs. Hawker filed a Second Amended Complaint. Count 1 alleges the Defendants willfully ignored Mr. Hawker's request and those of his family for proper medical care and treatment and relief from the physical and mental abuses to which he was subjected and Defendants were deliberately indifferent in violation Mr. Hawker's Eighth Amendment rights. Count 2 alleges the Defendants violated Mr. Hawker's right to due process of law under the Fourteenth Amendment to the United states Constitution and he is entitled to relief pursuant to 42 U.S.C. Section 1983. Count 3 alleges a state law negligence claim. (Filing No. 52.)

## II. LEGAL STANDARD

For the purposes of a motion to dismiss under Rules 12(b)(1), 12(b)(2), or 12(b)(6), district courts accept all well-pleaded factual allegations as true and construe all reasonable inferences in the plaintiff's favor. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint; a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo*, 526 F.3d at 1081 (citations and quotation marks omitted). Although detailed factual allegations are not required, the complaint must allege sufficient facts "to state a claim to relief that is plausible on its face" and which "allows the court to draw a reasonable inference that the defendant is liable for the misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Federal courts have original jurisdiction over cases involving diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.

1993). If the district court has original jurisdiction over an action, it may also exercise supplemental jurisdiction over "all other claims that are so related to claims in the action…that they form part of the same case or controversy…". 28 U.S.C. § 1367(a). If the underlying federal claim that supported supplemental jurisdiction is dismissed, courts have discretion in deciding whether to continue to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). The court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *Id*. The dismissal of federal claims do not require the court to decline to exercise supplemental jurisdiction over state-law claims. However, the court "will normally relinquish [supplemental] jurisdiction over the state-law claims." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998).

### III. DISCUSSION

To prevail on a federal deliberate indifference claim against CCS, Mrs. Hawker would bear the burden of demonstrating on the merits not only that Mr. Hawker's constitutional rights were violated, but that they were violated because of a policy, procedure, or practice of CCS. In its Motion to Dismiss, CCS argues that Mrs. Hawker has failed to allege that a policy, practice, or procedure of CCS violated Mr. Hawker's constitutional rights. (Filing No. 58.) They note correctly, that it is well established that deliberate indifference claims and claims brought pursuant to 42 U.S.C. § 1983 against a corporation like CCS cannot be based upon the theory of *respondeat superior*. (Filing No. 58.) *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993); *see also Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (holding that "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Accordingly, the Court **grants** CCS's Motion to Dismiss Counts 1 and 2.

4

Mrs. Hawker does not object to dismissing the federal civil rights claims; however, she asks the Court to maintain jurisdiction over Count 3, her supplemental negligence claim against CCS. ([Filing No. 60 at 1](#).) Several factors influence the Court's decision whether to exercise supplemental jurisdiction. Title 28 U.S.C. § 1367(c) directs that a court may consider whether the claim raises novel or complex issues of state law, whether the federal claim has been dismissed, or "other compelling reasons." Courts also look to "principles of economy, convenience, fairness, and comity" when evaluating whether to exercise supplemental jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). All claims, including the state law claim, remain pending against Sheriff Cottom and Sherriff Layton in this action. In the interests of judicial economy, fairness and convenience, the Court agrees to exercising supplemental jurisdiction over the state law claim against CCS.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Correct Care Solutions LLC's Motion to Dismiss the Plaintiff's Federal Claims ([Filing No. 57](#)) is **GRANTED**. Counts 1 and 2 against CCS are **dismissed without prejudice**. Furthermore, the Court continues to exercise supplemental jurisdiction over the remaining state law claim of negligence against CCS.

**SO ORDERED.**

Date: 7/10/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric A. Frey
FREY LAW FIRM
freylaw@aol.com

Paul Jungers
WAGNER, CRAWFORD, GAMBILL & JUNGERS
paul.jungers@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com

Traci Marie Cosby
OFFICE OF CORPORATION COUNSEL
Traci.Cosby@indy.gov

Grant E. Helms
OFFICE OF CORPORATION COUNSEL
grant.helms@indy.gov

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Craig Morris McKee
WILKINSON, GOELLER, MODESITT, WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com